## Fox *v.* Whitney.

In petitions for mandamus, costs follow the event of the suit.

Where, on a petition for mandamus, an alternative mandamus issued, and before the return day thereof the petitionee complied with the order, but not within the period therein specified, whereby the petitioner was subjected to delay and expense in another court — *held,* that, although the failure to comply seasonably with the order was in contempt of the authority of the court, the costs of the delay in another tribunal could not be added to the costs of the proceedings on the petition for mandamus.

PETITION FOR A MANDAMUS, to compel the petitionee to furnish the petitioner with copies of certain records made by the

petitionee, as justice of the peace for the county of Hillsborough, filed July term, 1855. At that term an alternative mandamus issued, commanding the petitionee to furnish the petitioner, or his attorneys, with the desired copies, before the fourth Tuesday of October, 1855, his legal fees therefor being first paid or tendered, and to appear at this term and show cause why he had not, or did not, furnish them. This writ was duly served upon the petitionee on the 29th of September, 1855, and his fees for the copies tendered. The petitionee failed to appear at the present term, and was defaulted. The copies desired were furnished to the attorneys of the petitioner, but not within the time specified in the order, and, by reason of their not being so furnished, the petitioner was compelled to permit his suit in the Common Pleas to be continued, thereby subjecting him to delay and expense. The petitioner then moved for costs of the delay in the court below, and for costs in the proceedings here.

*G. & B. Wadleigh*, for the petitioner.

FOWLER, J. By section 1, of chapter 191, of the Revised Statutes, it is provided that " costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." We are not aware that writs of mandamus are, by law or practice, excepted from the general rule, and see no good reason why the petitionee should be exempted from its operation. But there is no ground, apparent or suggested, upon which this court can allow the petitioner the costs of any delay in the court below, occasioned by the petitionee's neglect of duty. The costs there are within the discretion of that court, and beyond our control. The petitionee's neglect to obey the order was in contempt of the process of this court, and for it he might, perhaps, be punished by fine, were it deemed expedient to adopt the proper proceedings for that purpose. As, however, it appears that the object desired has been at length attained, though not within the period specified in the order, and there is no sugges-

\tion of any application for process for contempt, we think the petitioner should have judgment and execution for his costs arising in the suit here, and that further proceedings be thereupon stayed.